FEDERAL LAND BANK OF ST. PAUL *v.* CITIZENS' MUTUAL
FIRE INS. CO. OF KENT, ALLEGAN AND
OTTAWA COUNTIES.

1. Insurance—Farm Mutual Fire Company—Mutuality of Obligations.

No loss occasioned by fire could be payable under policy issued
by farm mutual fire insurance company, providing for payment
of assessments by member owners of property, or their mort-
gagees, in absence of mutuality of obligations.

2. Same—Payment of Assessments by Mortgagee—Findings by
Court—Evidence.

In mortgagee's action against fire insurer, a farm mutual com-
pany, for loss sustained, evidence *held*, ample to sustain findings
of trial court on controverted facts that plaintiff had notice
of default in payment of assessments levied by defendant
against owners of insured property and that plaintiff did not
pay or tender payment within time limited by policy so as to
reinstate it, hence policy was not in force as to plaintiff.

Appeal from Kent; Brown (William B.), J. Sub-
mitted April 14, 1938. (Docket No. 75, Calendar
No. 39,991.) Decided June 6, 1938.

Assumpsit by Federal Land Bank of Saint Paul,
a corporation, against Citizens' Mutual Fire Insur-
ance Company of Kent, Allegan and Ottawa Coun-
ties, a corporation, on a fire insurance policy. Judg-
ment for defendant. Plaintiff appeals. Affirmed.

*G. Douglas Clapperton,* for plaintiff.

*Fred P. Geib,* for defendant.

Potter, J.    Plaintiff, a corporation organized and existing under the act of Congress of 1916 known as the "Federal Farm Loan Act," * domiciled in the city of St. Paul, Minnesota, sued defendant, a mutual fire insurance company, to recover damages occasioned by the loss by fire of property covered by an insurance policy issued by defendant to the then owners of the real estate, which policy contained a rider making the loss, if any, payable to plaintiff as its mortgage interest might appear.

It appears from the policy sued upon that the charter of the company expired June 3, 1934, and the mortgage clause is dated October 22, 1934.    But plaintiff alleges the defendant is authorized to and is carrying on a mutual fire insurance business, having its principal office and place of business in Grand Rapids.    Defendant by way of answer admits the organization of the defendant company and its authority to do business and avers it is organized and subject to the laws relating to the organization and operation of farm mutual fire insurance companies within the State of Michigan.

. The policy sued upon having been issued by a farm mutual fire insurance company, no loss occasioned by fire could be payable thereunder in the absence of mutuality of obligations.    Under the policy, only members of the insurance company were insurable.    The owners of the property insured by the policy in controversy ceased paying assessments and upon their ceasing to pay the assessments levied against them, they forfeited their membership in the company and their insurance under the policy.    The policy provided, however, substantially that the plaintiff mortgagee could, in case of default in the

---

*See 39 Stat. at L. 360 (12 USCA, § 641 *et seq.*).—Reporter.

payment of the assessments levied on the insured, pay the assessments, reinstate the insurance, and protect its rights.

Many questions are raised and discussed. But notwithstanding the voluminous pleadings, the issue amounts to this, that plaintiff claims defendant is liable as an insurer for a fire loss of the property insured, which claim defendant denies.

Defendant's liability depends upon the facts. These facts were the subject of dispute. The controversy over the facts was determined by the trial court. There was ample evidence to sustain the conclusions reached by it. The trial court found plaintiff had notice of the default in the payment of the assessments levied by the defendant company against the owners of the property insured and in accordance with the terms of the policy it did not pay or tender the assessments due upon the policy within the time limited by the policy for the payment of the same and thus reinstate the insurance, and that at the time of the loss plaintiff, as mortgagee, was not a member of the company, not entitled to protection by the policy, and the policy was not in force as to plaintiff. The trial court found for defendant upon the facts. There was ample evidence to sustain its findings and we think the trial court correct in the conclusions reached. The other questions involved are, therefore, unimportant.

Judgment affirmed, with costs.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.